FILED

SEP 25 2015

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GYME KELLY,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD and ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 13-84-M-DWM<br><br>ORDER |

Gyme Kelly is a state prisoner who is now represented by court-appointed counsel. He petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Jeremiah Lynch recommends denying the petition on the merits. (Doc. 34.) Kelly timely filed written objections to Judge Lynch's findings and recommendations. (Doc. 35.)

Kelly is entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where there is no objection, the court is to give the level of consideration

1

it deems appropriate. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This Court reviews for clear error. Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., Inc.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Kelly maintains that the findings "ignored, overlooked, and disregarded many important facts alleged in support of [his] petitions." (Doc. 35 at 1.) A thorough review of the record, however, shows that although Kelly alleges numerous facts in support of his petitions, there is no evidence to support his allegations. Instead, the record demonstrates that plea negotiations occurred, that at least one offer (and perhaps three) was made and communicated to Kelly, that Kelly rejected it, and that Kelly did not express any concern about the plea bargaining at his change of plea hearing. (Docs. 9-9 at 4–7; 9-12 at 7–9; 20-2 at 3.) Additionally, the absence of any reference to a plea agreement in Kelly's counsel's file does not establish the existence of a plea offer. (*See* Doc. 20-2.) Kelly has failed to present clear and convincing evidence to prevail on the merits.

28 U.S.C. § 2254(e).

Kelly argues that he is entitled to an evidentiary hearing. A hearing is not required because the issues can be decided by reference to the state court record and "the record refutes" Kelly's factual allegations. *Schriro v. Landigan*, 550 U.S. 465, 474 (2007). Moreover, Kelly's allegations, if proven, would not entitle him to federal habeas relief because he has failed to set forth sufficient facts demonstrating a violation under *Strickland v. Washington*, 466 U.S. 668 (1984). *Stanley v. Schriro*, 598 F.3d 612, 624 (9th Cir. 2010).

Kelly argues a certificate of appealability should be granted because he has "made a substantial showing that he was deprived of his constitution[al] right to effective assistance of counsel." (Doc. 35 at 6.) Due to the vague allegations and sheer lack of evidence supporting his allegations, "jurists of reason could not disagree" with the Court's decision. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court finds no clear error with the remaining findings and analysis.

Accordingly, IT IS ORDERED that the Findings and Recommendations (Doc. 34) is ADOPTED IN FULL. Gyme Kelly's Petition for Writ of Habeas Corpus (Docs. 1, 20) is DENIED and DISMISSED WITH PREJUDICE; his claims are without merit.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 25th day of September, 2015.

Donald W. Molloy, District Judge
United States District Court